17-CV-5374 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK

CANDIE HAILEY MEANS,

Plaintiff,

-against-

THE CITY OF NEW YORK and CORRECTIONS
OFFICER WARREN, CORRECTIONS OFFICER
CAPTAIN MORGAN, CORRECTIONS OFFICER
MOTT, CORRECTIONS OFFICER CAPTAIN
MCKENZIE, CORRECTIONS OFFICER WATSON,
CORRECTIONS OFFICER ELLIS, CORRECTIONS
OFFICER TERRI, CORRECTIONS OFFICER
CAPTAIN BRISTOL, CORRECTIONS OFFICER
CAPTAIN MCCORMICK, CORRECTIONS OFFICER
CAPTAIN NEGRON, and JOHN and JANE DOES  1
through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are unknown),

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS IN PART PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED.R.CIV. PRO. 12(b)(6)

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Michael K. Gertzer*
*Tel:  (212) 356-2654*
*Matter No.: 2015-046962*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. iii

PRELIMINARY STATEMENT .......................................................................................... 1

STANDARD OF REVIEW ................................................................................................. 3

ARGUMENT

    POINT I

        ANY CLAIMS UNDER 42 U.S.C. §1983 FOR INCIDENTS OCCURRING PRIOR TO OCTOBER 2, 2014 ARE TIME BARRED ................................................ 4

    POINT II

        DEFENDANT MOTT SHOULD BE DISMISSED FROM THIS ACTION BECAUSE PLAINTIFF HAS NOT PLEAD FACTS SHOWING THAT SHE VIOLATED PLAINTIFF'S RIGHTS ................................................ 5

    POINT III

        DEFENDANT BRISTOW SHOULD BE DISMISSED FROM THIS ACTION BECAUSE PLAINTIFF HAS NOT ALLEGED THAT SHE VIOLATED PLAINTIFF'S RIGHTS ........................................ 6

    POINT IV

        PLAINTIFF'S CLAIMS UNDER BOTH THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT SHOULD BE DISMISSED ................................................ 7

        A.  Claims For Incidents Dating Back Further Than October 1, 2014 Are Time-Barred .................................... 7

        B.  Plaintiff Has Not Plead A Claim For Relief Under The ADA And Rehabilitation Acts ........................... 9

        C.  The ADA Claim Should Be Dismissed As Against All Individual Defendants .................................. 10

    POINT V

**Page**

PLAINTIFF'S *MONELL* CLAIM SHOULD BE
DISMISSED ................................................................................. 11

POINT VI

PLAINTIFF'S CLAIM FOR SUPERVISORY
LIABILITY SHOULD BE DISMISSED ................................................. 14

CONCLUSION ........................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Pages**

*Alfaro Motors, Inc. v. Ward*,
  814 F.2d 883 (2d Cir. 1987)................................................................................14

*Amato v. City of Saratoga Springs*,
  170 F.3d 311 (2d Cir. 1999)...........................................................................13, 14

*AMTRAK v. Morgan*,
  536 U.S. 101 (2002)...........................................................................................7

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009)...................................................................................3, 14

*Bell Atlantic v. Twombly*,
  127 S. Ct. 1955 (2007)........................................................................................3

*Brown v. City of New York*,
  13-cv-6912 (TPG), 2016 U.S. Dist. LEXIS 18670 (S.D.N.Y. Feb. 16, 2016) .......................13

*Bruno v. City of New York*,
  89 Civ. 6661 (KMW), 1992 U.S. Dist. LEXIS 4921, (S.D.N.Y. Apr. 15, 1992)...................12

*Burnette v. Carothers*,
  192 F.3d 52 (2d Cir. 1999)...................................................................................3

*Ceara v. Deacon*,
  13-CV6023 (KMK), 2017 U.S. Dist. LEXIS 9645 (S.D.N.Y. Jan. 23, 2017).........................4

*City of Los Angeles v. Heller*,
  475 U.S. 796 (1986)...........................................................................................14

*City of Oklahoma City v. Tuttle*,
  471 U.S. 808 (1985)......................................................................................11, 12

*Cornell v. Robinson*,
  23 F.3d 694 (2d Cir. 1994)...................................................................................7

*Doe v. Pfrommer*,
  148 F.3d 73 (2d Cir. 1998)...................................................................................9

*Dotson v. Farrugia*,
  11 Civ. 1126 (PAE), 2012 U.S. Dist. LEXIS 41195 (S.D.N.Y. Mar. 26, 2012) ................. 6-7

*Edwards v. Horn*,
  No. 10-CV-6194, 2012 U.S. Dist. LEXIS 30968 (S.D.N.Y. Mar. 8, 2012) ........................ 8-9

**Cases**                                                                                          **Pages**

*Elbert v. New York State Dep't of Corr. Servs.*,
   751 F. Supp. 2d 590 (S.D.N.Y. 2010)........................................................................9, 10

*In re Elevator Antitrust Litig.*,
   502 F.3d 47 (2d Cir. 2007)........................................................................................3

*Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*,
   280 F.3d 98 (2d Cir. 2001)........................................................................................9

*Hallett v. New York State Dept. of Corr. Servs.*,
   109 F. Supp. 2d 190 (S.D.N.Y. 2000)......................................................................10

*Henrietta D. v. Bloomberg*,
   331 F.3d 261 (2d Cir. 2003)......................................................................................7

*Hogan v. Fischer*,
   738 F.3d 509 (2d Cir. 2013)......................................................................................4

*King v. Am. Airlines, Inc.*,
   284 F.3d 352 (2d Cir. 2002)......................................................................................3

*Logan v. Matveevski*,
   57 F. Supp. 3d 234. (S.D.N.Y. 2014)........................................................................8

*Louis v. New York City Housing Authority*,
   152 F. Supp. 3d 143 (S.D.N.Y. 2016)......................................................................8

*Lowery v. City of New York*,
   2014 U.S. Dist. LEXIS 77533 (S.D.N.Y. June 6, 2014).........................................12

*Mineo v. City of New York*,
   No. 09-cv-2261, 2013 U.S. Dist. LEXIS 46953 (E.D.N.Y. Mar. 29, 2013)............12

*Pembaur v. City of Cincinnati*,
   475 U.S. 469 (1986)................................................................................................11

*Phelan v. Thomas*,
   439 Fed. Appx. 48 (2d Cir. 2011) ...........................................................................9

*Ricciuti v. N.Y.C. Transit Authority*,
   941 F.2d 119 (2d Cir. 1991)....................................................................................11

*Smith v. Montefiore Med. Center-Health Servs. Div.*,
   22 F. Supp. 2d 275 (S.D.N.Y. 1998).......................................................................12

**Cases**                                                                                                    **Pages**

*Stamm v. New York City Transit Auth.*,
    04-CV-2163 (SLT)(JMA), 2013 U.S. Dist. 8534 (E.D.N.Y. Jan. 22, 2013) ............................7

*West v. City of New York*,
    88-cv-1801, 1996 U.S. Dist. LEXIS 6239 (S.D.N.Y. May 8, 1996) ......................................13

*Williams v. City of New York*,
    CV-07-5362 (NG), 2008 U.S. Dist. LEXIS 104730 (E.D.N.Y. Dec. 29, 2008)............... 12-13

*Young v. County of Fulton*,
    160 F.3d 899 (2d Cir. 1998)........................................................................... 11-12

**Statutes**

42 USC §1983....................................................................................1, 2, 3, 4, 5, 14

Americans Disabilities Act §202 ................................................................................2, 6

Fed. R. Civ. P. 8(a) ...............................................................................................4

Fed. R. Civ. P. 12(b)(6)....................................................................................1, 2, 3

Fed. R. Civ. P. 42(b) .............................................................................................12

Rehabilitation Act §504 .......................................................................................2, 6

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS IN PART PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(B)(6)**

Defendant City of New York ("City"), by its attorney Zachary W. Carter, Corporation Counsel of the City of New York, hereby submits this Memorandum of Law in support of its motion to dismiss in part plaintiff's amended complaint ("the Amended Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

On or about April 13, 2017, Plaintiff Candie Hailey Means filed a complaint (the "Complaint") in New York State Supreme Court, County of Bronx, alleging a series of claims arising from her arrest for attempted murder in the Second Degree on or about February 19, 2012, and her subsequent detention at the Rose M. Singer Center ("RMSC") from then until her release on May 2, 2015.[1] Plaintiff alleged in the Complaint, *inter alia*, that she was repeatedly assaulted, sexually abused, and was not provided sufficient treatment for her mental illness during her detention at RMSC. As a result she claimed that she attempted suicide on numerous occasions. Among the claims asserted in the Complaint pursuant to 42 USC §1983 were false arrest, denial of a fair and speedy trial, malicious prosecution, unreasonable detention, and a *Monell* claim asserting, *inter alia*, that the NYPD does not properly train, supervise or discipline its officers. Plaintiff also asserted various state claims analogous to the federal ones. The Complaint named as individual defendants Bronx ADA Lauren Di Chiara, NYPD Officer Jody Nunez, and Department of Correction Officer Crystal Springer.

---

[1] Defendant in no way concedes the allegations set forth in plaintiff's Complaint or Amended Complaint. However, mindful of the Court's obligations to construe plaintiff's allegations as true, the allegations discussed herein will be taken as true for the purposes of this motion only.

The action was subsequently removed to this Court on or about July 17, 2017. Thereafter, by letter dated August 1, 2017, (Dkt. No. 8) defendant City sought leave to file a motion to dismiss many of plaintiff's claims as either time-barred, barred against ADA defendants or, in the case of the Monell claim, inadequately pled.[2]  By order dated August 3, 2017, (Dkt. No. 9) this Court directed that the parties meet and confer "regarding streamlining the complaint, especially regarding time barred claims and immune defendants as well as non-suable entities."  At about this time, plaintiff substituted her prior attorney for her current counsel, with whom defendant's counsel discussed the case.

On October 2, 2017, plaintiff filed her amended complaint (the "Amended Complaint").  This pleading was a completely reworked version of the Complaint.  Gone were the claims for false arrest, malicious prosecution, the state claims and claims against the Bronx District Attorney's Office.  None of the individual defendants named in the Complaint are mentioned in the Amended Complaint, and are presumably dismissed from this action.  Instead, the Amended Complaint added eleven new individual defendants (all DOC correction officers), and a series of allegations concerning new incidents, all purportedly occurring at RMSC.  None of these incidents were mentioned in the original Complaint.  The Amended Complaint also added several new claims:  a claim under §202 of the Americans with Disabilities Act, a claim under §504 of the Rehabilitation Act, and a thoroughly revamped *Monell* claim concerning, *inter alia*, DOC's policies pertaining to mentally ill inmates.

Defendant now moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the following claims:  (1) any claims pertaining to incidents occurring before October 2, 2014; (2) any claims

---

[2]  All §1983 claims for incidents occurring prior to April 13, 2014, including false arrest, malicious prosecution and denial of right to a fair trial, were barred under the statute of limitations; moreover, plaintiff did not file a timely notice of claim to preserve her state claims.

2

against defendant Mott[3]; (3) any claims against defendant Bristow (s/h/a "Bristol"); (4) plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act; (5) plaintiff's *Monell* claim; and (6) plaintiff's claims for supervisory liability against "supervisory Defendants" (¶98 of the Amended Complaint).[4]

## STANDARD OF REVIEW

In deciding a motion for judgment on the pleadings pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *King v. Am. Airlines, Inc.*, 284 F.3d 352 (2d Cir. 2002) (quoting *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)).

A complaint may be dismissed pursuant to Rule 12(b)(6) where it fails to plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1975 (2007). In order to state a claim, the factual allegations contained in the pleading "must be enough to raise a right to relief above the speculative level." *See Twombly*, 127 S. Ct. at 1965; *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'"). A

---

[3] Upon information and belief defendants Mott and Bristow have not yet been served with the Amended Complaint, and this Office does not yet represent them. However, defendant respectfully contends that the arguments set forth herein apply to defendants Mott and Bristow, and, accordingly, defendant is hopeful that the Court will *sua sponte* dismiss the claims as against defendants Mott and Bristow in the interests of judicial economy.

[4] Thus, should defendants' motion be granted, the remaining claims would be (1) deprivation of rights under 42 U.S.C. §1983; (2) deliberate indifference to medical needs; (3) violation of the equal protection clause; and (4) excessive force. Plaintiff's first claim for deprivation of rights should be dismissed because "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 85 L. Ed. 2d 791, 105 S. Ct. 2427 (1985).

complaint satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Evaluating the sufficiency of a complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Id.* at 1950. The Court may and should disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949. After examining the remaining factual matter, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *See id.* at 1950 (quoting Fed. R. Civ. Pro. 8(a)).

For the reasons set forth herein, plaintiff's claims set forth below should be dismissed.

<u>**ARGUMENT**</u>

<u>**POINT I**</u>

<u>**ANY CLAIMS UNDER 42 U.S.C. §1983 FOR INCIDENTS OCCURRING PRIOR TO OCTOBER 2, 2014 ARE TIME BARRED**</u>

It is well established that the statute of limitations for claims brought under 42 U.S.C. §1983 is three years. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *Ceara v. Deacon*, 13-CV6023 (KMK), 2017 U.S. Dist. LEXIS 9645 (S.D.N.Y. Jan. 23, 2017). While the Amended Complaint removed most of the time-barred claims and allegations contained in the original Complaint, the Amended Complaint contains certain specific allegations that plaintiff cannot recover on, and defendant broadly seeks to preclude plaintiff from pursuing any §1983 claim concerning an incident occurring before October 2, 2014, three years prior to the filing of

the Amended Complaint.  Plaintiff's original Complaint alleged no specific incidents occurring at RMSC during plaintiff's detention.

Paragraph 39 of the Amended Complaint alleges an incident that occurred on May 21, 2014.  This incident was not mentioned in the original Complaint.  As a result, plaintiff is time-barred from asserting any claims arising from this incident.

Likewise, ¶40 of the Amended Complaint alleges an incident occurring on September 4, 2014.  This incident is also not mentioned in the Complaint, and thus plaintiff is time-barred from asserting any §1983 claim arising from this incident.

## POINT II

**DEFENDANT MOTT SHOULD BE DISMISSED FROM THIS ACTION BECAUSE PLAINTIFF HAS NOT PLEAD FACTS SHOWING THAT SHE VIOLATED PLAINTIFF'S RIGHTS**

Plaintiff's allegations against defendant Mott are contained in ¶52 of the Amended Complaint:  that on one occasion Mott refused to provide plaintiff with "sanitary napkins for three days, or allow her to bathe."  Because these actions, even if true, do not rise to a constitutional violation, Mott should be dismissed from this action.

Plaintiff has not asserted a theory under which Mott can be liable to her.  The Amended Complaint contains no claim under which plaintiff can recover against Mott.  Rather, plaintiff's second cause of action (¶78-80) is for deliberate indifference to serious medical needs, and her fifth (¶94-96) asserts a violation under the equal protection clause.  The deliberate indifference claim does not apply because it alleges "Plaintiff was provided with instruments and materials that were known risks and dangerous to those prisoners who were suffering from mental illness and/or suicidal," (¶79) and mentions nothing about showers or sanitary napkins.  Likewise, the equal protection claim contains no mention of Mott's supposed actions but instead

alleges that other inmates "who may be a danger to themselves or others, are presumably not permitted to possess deadly instruments and materials without proper supervision or allowed to be subjected to gratuitous beatings and sexual assaults by corrections [sic] officers."  Plaintiff has articulated no legal theory under which Mott is liable to her, and thus, there is no reason for Mott to be in this lawsuit.

Furthermore, plaintiff has not alleged when the incident involving Mott took place.  If it took place before October 2, 2014, plaintiff is time-barred from seeking relief. Finally, even if plaintiff has sufficiently stated a claim against Mott, defendants submit that plaintiff's damages are nominal at best.

## POINT III

### DEFENDANT BRISTOW SHOULD BE DISMISSED FROM THIS ACTION BECAUSE PLAINTIFF HAS NOT ALLEGED THAT SHE VIOLATED PLAINTIFF'S RIGHTS

The only allegations against Defendant Bristow (s/h/a Bristol) are contained in paragraph 42 of the Amended Complaint which states: "Defendant Captain Bristol [sic] witnessed at least one of Plaintiff's suicide attempts when she swallowed an overdose of pills. Plaintiff was transported to Elmhurst hospital [sic] for treatment."  The plain language of this paragraph suggests that after Bristow witnessed plaintiff attempting to commit suicide she, or someone else, arranged to have plaintiff moved to Elmhurst Hospital.  There is no fact alleged suggesting Bristow somehow violated plaintiff's rights. Therefore, Bristow should be dismissed from this action.

<u>POINT IV</u>

**PLAINTIFF'S CLAIMS UNDER BOTH THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT SHOULD BE DISMISSED**

Plaintiff's claims under both §202 of the Americans With Disabilities Act ("ADA") and §504 of the Rehabilitation Act should be dismissed. As a practical matter, claims under both the ADA and Rehabilitation Act are treated identically. *Dotson v. Farrugia*, 11 Civ. 1126 (PAE), 2012 U.S. Dist. LEXIS 41195, at *18 (S.D.N.Y. Mar. 26, 2012), *citing Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).[5]

Plaintiff's ADA claim alleges that she is handicapped by virtue of her mental illness, which includes depression and a propensity for suicide (Amended Complaint at ¶¶82, 90). Plaintiff further alleges that defendants have violated the ADA by "denying [plaintiff] the use of materials that could be used to harm herself, or otherwise closely supervising Plaintiff while in possession of such materials" (Amended Complaint at ¶85). Plaintiff claims that she was thus "denied … services and programs available to others that could have protected her from the injuries inflicted upon her" (Amended Complaint at ¶86, see also ¶92).

**A.    Claims For Incidents Dating Back Further Than October 1, 2014 Are Time-Barred**

It is well established that the statute of limitations for claims under Title II of the ADA is three years. *Stamm v. New York City Transit Auth.*, 04-CV-2163 (SLT)(JMA), 2013 U.S. Dist. 8534, at *21 (E.D.N.Y. Jan. 22, 2013). Thus, insofar as the ADA claim was not asserted by plaintiff until the Amended Complaint, which was filed on October 2, 2017, plaintiff should be time-barred from asserting claims for any incidents dating before October 2, 2014.

---

[5] Thus, in this memorandum of law the term "ADA" refers to both the ADA and the Rehabilitation Act.

It is anticipated that plaintiff will claim that the incidents alleged in the Amended Complaint were all part of a "continuing violation" of the ADA.[6]  The Supreme Court has cast doubt upon the scope of the continuing violation doctrine.  *AMTRAK v. Morgan*, 536 U.S. 101, 112-113 (2002)("[D]iscrete acts that fall within the statutory period do not make timely acts that fall outside the time period… [D]iscrete discriminatory acts are not actionable if time barred, even when related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act").  Even if this Court adopts the continuing violation doctrine, any claim for pre-October 2, 2014 acts must fail because the Amended Complaint only alleges a series of discrete acts (i.e. suicide attempts), each separated from the others by several months during which defendants purportedly failed to provide allegedly necessary medical treatment and supervision.[7]  The continuing doctrine would thus not apply. *See Louis v. New York City Housing Authority,* 152 F. Supp. 3d 143 (S.D.N.Y. 2016)(dismissing plaintiff's Title II ADA claims based upon discrete acts of denying plaintiff's requests for accommodation outside the limitations period"); *Logan v. Matveevski*, 57 F. Supp. 3d 234, 267 & n.11.  (S.D.N.Y. 2014)(court declined to assert continuing violation doctrine in Title II case based upon denial of request for accommodation).  Therefore, to the extent plaintiff asserts an ADA claim for any incident occurring before October 2, 2017, it should be denied as untimely.

---

[6] *See Cornell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994)(continuing violation exists "where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice").

[7] Although the Amended Complaint breezily claims that plaintiff attempted suicide "approximately one hundred (100) times" (¶37), only four specific instances, each greatly separated in time, are recounted:  October, 2014 (¶30), May 21, 2014 (¶39), September 4, 2014 (¶40) and February 13, 2015 (¶41).

**B.**    **Plaintiff Has Not Plead A Claim For Relief Under The ADA And Rehabilitation Acts**

Even to the extent plaintiff has timely asserted an ADA claim, it should be dismissed because she is simply restating her claim for deliberate indifference to medical needs, and not an authentic ADA claim.  To state an ADA claim, "a prisoner must show: (1) 'he is a qualified individual with a disability'; (2) 'he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity'; and (3) 'such exclusion or discrimination was due to his disability.'"  *Edwards v. Horn*, No. 10-CV-6194 (RJS)(JLC), 2012 U.S. Dist. LEXIS 30968, at **71-72 (S.D.N.Y. Mar. 8, 2012) (quoting *Phelan v. Thomas*, 439 Fed. Appx. 48, 50 (2d Cir. 2011)).  A plaintiff's ADA claim must "allege that his or her mistreatment 'was motivated by either discriminatory animus or ill will due to disability.'"  *Elbert v. New York State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 594-5 (S.D.N.Y. 2010) (*citing Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 2001)).

Even assuming, *arguendo*, that plaintiff suffers from a disability covered under the ADA,[8] plaintiff's claim must be dismissed because the Amended Complaint does not satisfy the second and third prongs set forth above.  Plaintiff has not pled that she was treated differently than other suicidal inmates (or even other healthy inmates), except in the most conclusory terms.[9]  "Courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical

---

[8] Notably, the Amended Complaint concedes that plaintiff was not determined to have suffered a disability under the ADA until June, 2015, *after* she was released from DOC custody (Amended Complaint at ¶68).

[9] The closest plaintiff comes to doing so is in ¶86 where she alleges that DOC "denied her services and programs available to others that could have protected her from the injuries inflicted upon her."  Nowhere does plaintiff identify the "services and programs" and nowhere does she identify the "others."  Defendants submit that this conclusory statement is insufficient to satisfy the pleading requirements.

treatment, but do not allege that the inmate was treated differently because of his or her disability." *Elbert v. N.Y. State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 595-96 (S.D.N.Y 2010) (collecting cases).   In order to satisfy the second element of an ADA claim, a plaintiff must allege facts showing some sort of discriminatory treatment to which she was subjected "because of" the alleged disability. *Id. See also, Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998) (stating, with reference to the ADA and Rehabilitation Act, "it is important to bear in mind that the purposes of such statutes are to eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied").   Plaintiff has not specified what "services and programs" she was denied or that they were denied due to her alleged disability.   Plaintiff is really alleging that she did not receive sufficient care for her psychiatric condition and is thus simply restating her claim for deliberate indifference to medical needs.   "The ADA does not create a remedy for medical malpractice." *Elbert,* 751 F. Supp. 2d at 596.

Finally, plaintiff has not plead sufficient facts to show that she was denied a benefit as a result of her disability.   While the Amended Complaint does allege in places that defendants were aware of plaintiff's disabilities, and that she received insufficient treatment thereof, nowhere is there an allegation that plaintiff was denied any specific benefit because of her disability.   Instead, the Amended Complaint simply goes into detail about the manner in which her treatment was insufficient.   Again, the ADA is not intended to be a supplement to a medical malpractice claim.

## C.   The ADA Claim Should Be Dismissed As Against All Individual Defendants

Finally, while it is not entirely clear from the Amended Complaint whether the ADA claim is asserted against the individual defendants, to the extent it does so, it should be

10

dismissed.  The ADA does not provide for individual liability.  *Hallett v. New York State Dept. of Corr. Servs.*, 109 F. Supp. 2d 190, 199 (S.D.N.Y. 2000).

### POINT V

### PLAINTIFF'S *MONELL* CLAIM SHOULD BE DISMISSED

Plaintiff's *Monell* claim has two main components: (1) "confining mentally ill prisoners to solitary confinement without proper supervision and wellness monitoting… failing to prevent mentally ill inmates from committing or attempting to commit suicide, and to improperly supervise inmates with mental illness and/or histories of suicide attempt" as well as a policy of punitive segregation and excessive force;[10] and (2) a failure by Department of Correction to properly recruit, screen, train, discipline, and supervise its officers (Amended Complaint at ¶106).  This claim should be dismissed because it is insufficiently plead.

The claim cites to no other instances where this supposedly unlawful policy and practice was in force apart from the details of plaintiff's own incarceration.  This is insufficient to successfully plead a *Monell* claim.  It is well established that a single isolated incident alleged in a complaint, especially where the alleged incident involves only officials below the policymaking level, will not suffice to establish a municipal policy or custom.  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985); *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991).  "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible" *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original).  There are no allegations of

---

[10] Notably, the *Monell* claim contradicts plaintiff's ADA claim which states that plaintiff was treated differently than other inmates—the *Monell* claim instead asserts that she was treated the *same* as other inmates.

discrimination against other inmates, except in the most conclusory fashion.  The Amended Complaint only mentions plaintiff's own incidents at RMSC.  Thus, the Amended Complaint has not properly plead a *Monell* claim and instead plaintiff is simply attempting to improperly hold the City liable under a *de facto* theory of *respondeat superior*.

Indeed, the Amended Complaint alleges no facts, aside from conclusory statements, that support any unlawful policy by the City.  Moreover, conclusory allegations of a municipality's pattern or policy of unconstitutional behavior are insufficient to establish a *Monell* claim, absent evidence to support such an allegation.  *Young v. County of Fulton*, 160 F.3d 899, 903-04 (2d Cir. 1998) (affirming dismissal of plaintiff's *Monell* claim because "her allegations failed to establish that she suffered any deprivation of her rights by reason of an official policy, custom, or practice" of the municipal defendants); *Smith v. Montefiore Med. Center-Health Servs. Div.*, 22 F. Supp. 2d 275, 283 (S.D.N.Y. 1998) (summary judgment for defendants on *Monell* claim because "bare allegations of . . . a policy or custom, without any supporting evidence, do not constitute . . . proof"); *cf. Bruno v. City of New York*, 89 Civ. 6661 (KMW), 1992 U.S. Dist. LEXIS 4921, at *6 (S.D.N.Y. Apr. 15, 1992) (plaintiff's conclusory allegation that "constitutional violations were pursuant to a custom, policy or practice of the City of New York Police Department" insufficient to state a *Monell* claim).  "Plaintiff… must identify a policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, pursuant to which it inflicted the injury." *Lowery v. City of New York*, 2014 U.S. Dist. LEXIS 77533 (S.D.N.Y. June 6, 2014) (citing *Monell*, 436 U.S. at 694; *Oklahoma v. Tuttle*, 471 U.S. 808, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)).  Because of plaintiff's failure to properly plead a *Monell* claim, this claim should be dismissed.

Should this Court deny the within motion and decline to dismiss plaintiff's *Monell* claim outright, defendant respectfully requests that this claim be bifurcated for both discovery and trial.

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Fed. R. Civ. P. 42(b).  "Courts in this Circuit favor bifurcating *Monell* claims."  *Mineo v. City of New York*, No. 09-cv-2261 (RRM)(MDG), 2013 U.S. Dist. LEXIS 46953, at *4 (E.D.N.Y. Mar. 29, 2013), *citing Williams v. City of New York*, CV-07-5362 (NG)(VVP), 2008 U.S. Dist. LEXIS 104730, at *8 (E.D.N.Y. Dec. 29, 2008).  Bifurcation "may be appropriate where … the litigation of the first issue might eliminate the need to litigate the second issue."  *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) (citation omitted).  "This practice makes sense, because in order to establish liability against municipal defendants in a *Monell* claim, a plaintiff must prove both that he suffered a constitutional violation and that the constitutional harm suffered was a result of a municipal policy or custom." *Brown v. City of New York*, 13-cv-6912 (TPG), 2016 U.S. Dist. LEXIS 18670, at *4 (S.D.N.Y. Feb. 16, 2016), *citing Monell*, 436 U.S. at 694-95.  Thus, since there is no finding of *Monell* liability without first finding a constitutional violation, in an effort to promote convenience and economy, courts in this circuit have bifurcated *Monell* claims and stayed their discovery until a plaintiff has succeeded in establishing liability on the part of the individual defendants.  *Brown*, 2016 U.S. Dist. LEXIS 18670, at *4.

*West v. City of New York*, 88-cv-1801 (DC), 1996 U.S. Dist. LEXIS 6239 (S.D.N.Y. May 8, 1996) is instructive.  In *West*, the Court stayed discovery on *Monell* claims against the City pending resolution of underlying claims against individual police officers

13

because bifurcation and the stay of discovery promoted convenience and judicial economy while avoiding party prejudice. *West*, 1996 U.S. Dist. LEXIS 6239 at *15-16. "Only one of the three conditions need be met [and] "judicial efficiency is served where a separate trial disposes of one claim or establishes a necessary element of a second claim." *Id*. at *15. Here, like in *West*, if the claims fail against the individual officers, "the derivative claims against the City will evaporate. Id. at *15-16. With respect to convenience, "the *Monell* claims will require extensive evidence concerning the City's policies on the use of force that is largely irrelevant to plaintiff's claims against the individual defendants." *Id*. at *16. The parties can avoid the time, resources and expenses associated with *Monell* discovery by first focusing on the discovery concerning the underlying claims, which will likely make *Monell* discovery moot.[11] Thus, in the event the Court is unwilling to dismiss plaintiff's *Monell* claim at this time, bifurcation is appropriate to potentially avoid this voluminous and expensive discovery.

## POINT VI

### PLAINTIFF'S CLAIM FOR SUPERVISORY LIABILITY SHOULD BE DISMISSED

Plaintiff's Sixth Cause of Action seeks to impose supervisory liability against undefined "Supervisory Defendants" for "being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees to prevent inmates who are suicidal or who have suicidal tendencies from harming themselves." This claim should be dismissed because the Amended Complaint does not allege facts that set forth how

---

[11] If the individual defendants prevail, there can be no *Monell* liability. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). If plaintiff prevails, she will have been made whole and cannot recover anything more than a dollar -- which the City may concede if that situation arises. *See Amato*, 170 F.3d at 317, 319, 321 n. 11 (plaintiff "may have an inducement not to proceed with a suit against the City in order to recover nominal damages," and the City "might decide to default or to consent to judgment and pay the nominal damages").

these unnamed "Supervisory Defendants" were personally involved in the alleged incidents.  "In a §1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer.   Absent vicarious liability, each Government official… is only liable for his or her own misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987)("Having failed to allege, as they must, that these defendants were directly and personally responsible for the purported unlawful conduct, their complaint is 'fatally defective' on its face").

Because no one is identified as a "supervisory defendant" and no personal involvement by these mysterious "supervisory defendants" is alleged in the Amended Complaint, this claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant City of New York respectfully requests that the Court partially dismiss plaintiff's Amended Complaint with prejudice, and such other and further relief as the Court deems just and proper.

Dated:          New York, New York
               December 15, 2017


                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              Attorney for Defendant City of New York
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2654


                              By: ____/s/_____
                                  Michael K. Gertzer
                                  Senior Counsel
                                  Special Federal Litigation Division


To:

Tracey L. Brown, Esq.
Derek S. Sells, Esq.
The Cochran Law Firm
55 Broadway, 23rd Floor
New York, NY 10006