17-CV-5374 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANDIE HAILEY MEANS,

                                                                                           Plaintiff,

-against-

THE CITY OF NEW YORK and CORRECTIONS OFFICER WARREN, CORRECTIONS OFFICER CAPTAIN MORGAN, CORRECTIONS OFFICER MOTT, CORRECTIONS OFFICER CAPTAIN MCKENZIE, CORRECTIONS OFFICER WATSON, CORRECTIONS OFFICER ELLIS, CORRECTIONS OFFICER TERRI, CORRECTIONS OFFICER CAPTAIN BRISTOL, CORRECTIONS OFFICER CAPTAIN MCCORMICK, CORRECTIONS OFFICER CAPTAIN NEGRON, and JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are unknown),

                                                                                           Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED.R.CIV. PRO. 12(b)(6)**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Michael K. Gertzer*
*Tel: (212) 356-2654*
*Matter No.: 2015-046962*

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(B)(6)**

Defendant City of New York ("City"), by its attorney Zachary W. Carter, Corporation Counsel of the City of New York, hereby submits this Reply Memorandum of Law in further support of its motion to dismiss in part plaintiff's amended complaint ("the Amended Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Most of the arguments raised by plaintiff in her memorandum of law were already addressed in defendant's original motion papers, or assert facts and exhibits not incorporated in the Amended Complaint itself, so defendant will only briefly supplement its previous arguments.

## ARGUMENT

### POINT I

**ANY CLAIMS UNDER 42 U.S.C. §1983 OR THE ADA FOR INCIDENTS OCCURRING PRIOR TO OCTOBER 2, 2014 ARE TIME BARRED**

Because any incidents alleged in the Amended Complaint occurring before October 2, 2014, occurred more than three years before the Amended Complaint was filed, they are time-barred. Plaintiff argues that she can sue under 42 U.S. C. §1983, the Americans With Disabilities Act (the "ADA"), and the Rehabilitation Act for incidents dating from prior to October 2, 2014, because they, with the timely post-October 2, 2014 incidents, collectively form one continuing violation (plaintiff's memorandum of law at pp. 10-11). As set forth in defendant's original motion papers, because the allegations alleged in plaintiff's Amended Complaint are in the nature of separate, discrete incidents they cannot form a single, continuing violation. The Supreme Court in *AMTRAK v. Morgan*, 536 U.S. 101, 115 (2002), in the context

of an employment case defined discrete acts as specific, easily discernible incidents: "termination failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* In contrast, continuing violations such as "[h]ostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct… It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.* at 115.

Three of the four cases plaintiff cites in support of her contention that her allegations form one continuing incident are employment cases. They do not lend themselves to the matter at issue. *Id.* Likewise, in the sole non-employment case cited by plaintiff, *Shomo v. City of New York*, 579 F.3d 176 (2d Cir. 2009), the Second Circuit determined that repeated non-discrete conduct could be considered a continuing violation. Notably, the Second Circuit upheld dismissals of individual defendant involved in use of force incidents or medical examinations of the plaintiff in part because they were discrete incidents separate from the alleged continuing violation, which the court construed narrowly. *Id.* at 181-182. "That the continuing violation doctrine *can* apply, however, does not mean that it must." *Id.* at 182.

Here, the incidents alleged in plaintiff's Amended Complaint are sharply definable occurrences where plaintiff claims she was sexually assaulted, physically assaulted or where plaintiff attempted suicide. They fall squarely within what the *Morgan* Court defined as discrete incidents. Plaintiff is time-barred from pursuing claims based upon these incidents, or any others predating October 2, 2014.

In addition, plaintiff cannot recover on the two pre-October 2, 2014 incidents because she is not suing the two officers who are identified as the actors in the incidents:

"Corrections Officer Brad" (Amended Complaint at ¶39) and "Corrections Officer Sanchez" (Amended Complaint at ¶40). Since the statute of limitations has run on these incidents, plaintiff may not proceed against these officers. *See Hogan v. Fischer*, 738 F. 3d 509, 517 (2d Cir. 2013). Finally, the plain language of both paragraphs reflects that Brad and Sanchez both *intervened* to stop plaintiff from committing suicide. Accordingly, since these officers assisted plaintiff, and there is no allegation that they violated plaintiff's constitutional rights, plaintiff cannot maintain a claim against them.

### POINT II

### DEFENDANT MOTT AND BRISTOW SHOULD BE DISMISSED FROM THIS ACTION BECAUSE PLAINTIFF HAS NOT PLEAD FACTS SHOWING THAT SHE VIOLATED PLAINTIFF'S RIGHTS

Plaintiff's memo of law (Points 4 and 5) attempts to flesh out the allegations in the Amended Complaint, but cites to no authority that Mott's or Bristow's alleged conduct violated plaintiff's civil rights. Thus, for the reasons stated in defendant's moving papers both Mott and Bristow should be dismissed from this action.

### POINT III

### PLAINTIFF'S CLAIMS UNDER BOTH THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT SHOULD BE DISMISSED[1]

The essence of a claim under the ADA/Rehabilitation Act is that a person was not provided with certain services or programs available to others because of animus against her

---

[1] Defendant is mystified by plaintiff's claim that because defendant cited no case law or assertions pertaining to the Rehabilitation Act, it has somehow waived its motion to dismiss this claim. In fact defendant's memorandum of law at p. 7, fn5, states that its use of the abbreviation "ADA" was intended to refer both to the ADA and the Rehabilitation Act.

3

relating to her disability. *Elbert v. New York State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 594-5 (S.D.N.Y. 2010) (*citing Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 2001)). The fact that plaintiff alleges she suffers from mental illness is not sufficient. She must allege that others were provided with the very services she was not *because* of her disability. Both plaintiff's Amended Complaint and plaintiff's motion papers are devoid of any allegations regarding this aside from vague, conclusory allegations. *See generally* the Amended Complaint.

## POINT IV

### PLAINTIFF'S *MONELL* CLAIM SHOULD BE DISMISSED

#### A. Plaintiff's *Monell* Claim

The Amended Complaint is devoid of specific, non-conclusory allegations setting forth plaintiff's *Monell* claim—a fatal defect. *Young v. County of Fulton*, 160 F.3d 899, 903-904 (2d Cir. 1998). Plaintiff's opposition attaches as Exhibit 1 a press release from the Department of Correction ("DOC") referenced in ¶53 of the Amended Complaint. All this exhibit says is that while punitive segregation is a "necessary and widely accepted custody management tool for maintaining security," DOC would no longer use punitive segregation for inmates with a mental health diagnosis. *See* Exhibit 1 at p. 1. Exhibit 1 contains no admission by the City, or a finding by any court, that the prior policy was unlawful. Rather, it simply reflects an effort towards "improving outcomes for defendant with mental health issues." (Exhibit 1 at p. 2). Indeed, it is well established that jails have wide latitude in disciplining their inmates. *Horne v. Coughlin*, 155 F.3d 26, 31 (2d Cir. 1998)("'Restraints on an inmate do not violate the [Eighth] [A]mendment unless they are totally without penological justification, grossly disproportionate, or involve the unnecessary and wanton infliction of pain'") *quoting Smith v. Coughlin*, 748 F.2d

4

783, 787 (2d Cir. 1984). Exhibit 1 does not indicate an unlawful policy or practice by the City. Accordingly, plaintiff cannot establish a *Monell* claim merely by citing to this document.

### B. Plaintiff's Supervisory Liability Claim

Plaintiff's claim for supervisory liability is plead separately from her *Monell* claim. Because she cannot argue that the Amended Complaint alleges facts showing that any unnamed supervisory defendant were personally involved in the alleged incidents, plaintiff now asserts that this claim is simply part of her *Monell* claim. Even if this is the case, the claim fails for the same reason as the *Monell* claim—plaintiff has not alleged sufficient non-conclusory supporting facts.

### C. Defendant's Motion is Not Premature

Plaintiff argues that defendant's motion is premature because she requires discovery to flesh out her *Monell* claim (plaintiff's memorandum of law at pp. 17-18). Defendant opposes any such fishing expedition. Plaintiff is not entitled to discovery simply because she has plead a *Monell* claim. In *Cantey v. City of New York*, 10 Civ. 4043 (JPO), 2012 U. S. Dist. LEXIS 182323 (S.D.N.Y. Dec. 11, 2012), cited by plaintiff, the court declined to dismiss plaintiff's *Monell* claim *because* plaintiff had plead with sufficient specificity allegations that would give rise to *Monell* liability. *Cantey*, 2012 U.S. Dist. LEXIS 182323, at *12-13. Here, in contrast, plaintiff's bare-bones *Monell* claim is replete with boilerplate assertions, and not facts. Thus, plaintiff is not entitled to discovery to correct this deficiency.

### D. Defendant's Request To Bifurcate Plaintiff's *Monell* Claim

In the event that the Court declines to dismiss the *Monell* claim, defendant respectfully requests that it be bifurcated for discovery and trial. Even if it is theoretically possible that a *Monell* claim can be successfully litigated in the absence of individual liability,

plaintiff must first show that there was an *underlying constitutional violation*. "[Bifurcation] makes sense, because in order to establish liability against municipal defendant in a *Monell* claim, a plaintiff must prove both that he suffered a constitutional violation and that the constitutional harm suffered was a result of a municipal policy or custom." *Brown v. City of New York*, 13-cv-6912 (TPG), 2016 U.S. Dist. LEXIS 18670, at *4 (S.D.N.Y. Feb. 16, 2016). If plaintiff cannot show that there was an underlying constitutional violation, she cannot prevail on her *Monell* claim. That is why bifurcation makes sense. As previously set forth, bifurcation promotes judicial economy by focusing on the whether plaintiff's rights were violated before addressing the larger, and more costly, question of whether the City has an unlawful policy.

Finally, since plaintiff's excessive force claim will be litigated under a reasonableness standard, evidence of the subjective intent and motives will not be relevant, as plaintiff claims. *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). Bifurcation is thus the common-sense approach.

## CONCLUSION

For the foregoing reasons, Defendant City of New York respectfully requests that the Court partially dismiss plaintiff's Amended Complaint with prejudice, and such other and further relief as the Court deems just and proper:

Dated:      New York, New York
            February 2, 2018

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the City of New York
                                    Attorney for Defendant City of New York
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-2654

                              By:   /s/
                                    Michael K. Gertzer
                                    Senior Counsel
                                    Special Federal Litigation Division

To:
Tracey L. Brown, Esq.
Derek S. Sells, Esq.
The Cochran Law Firm
55 Broadway, 23rd Floor
New York, NY 10006