17-CV-5374 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANDIE HAILEY MEANS,

                                      Plaintiff,

          -against-

THE CITY OF NEW YORK and CORRECTIONS OFFICER WARREN, CORRECTIONS OFFICER CAPTAIN MORGAN, CORRECTIONS OFFICER MOTT, CORRECTIONS OFFICER CAPTAIN MCKENZIE, CORRECTIONS OFFICER WATSON, CORRECTIONS OFFICER CABA, CORRECTIONS OFFICER ELLIS, CORRECTIONS OFFICER TERRI, CORRECTIONS OFFICER CAPTAIN MCCORMICK, CORRECTIONS OFFICER CAPTAIN NEGRON, and JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are unknown),

                                      Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE DEFENDANTS WARREN, MORGAN, NEGRON, WATSON, ELLIS, AND MCCORMICK, PURSUANT TO FED. R. CIV. PRO. 4(M) FOR UNTIMELY SERVICE.**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Artur G. Jagielski*
*Tel: (212) 356-2329*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CANDIE HAILEY MEANS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK and CORRECTIONS
OFFICER WARREN, CORRECTIONS OFFICER
CAPTAIN MORGAN, CORRECTIONS OFFICER
MOTT, CORRECTIONS OFFICER CABA
CORRECTIONS OFFICER CAPTAIN MCKENZIE,
CORRECTIONS OFFICER WATSON, CORRECTIONS
OFFICER ELLIS, CORRECTIONS OFFICER TERRI,
CORRECTIONS OFFICER CAPTAIN MCCORMICK,
CORRECTIONS OFFICER CAPTAIN NEGRON, and
JOHN and JANE DOES 1 through 10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are unknown),

                              Defendants.

------------------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO RULE 4(M) TO DISMISS FOR UNTIMELY SERVICE**

17-CV-5374 (SHS)

## PRELIMINARY STATEMENT

During this one and a half year litigation, plaintiff has never served defendant Correction Officers Warren, Morgan, Negron, Watson, Ellis and McCormick. Plaintiff apparently made a single attempt to serve these six correction officers on November 2, 2017 and presumably learned from her process servers that service had been unsuccessful, but made no efforts in the ensuing 17 months to date to serve them – plaintiff did not request any assistance from the Corporation Counsel or the Court to serve them, and failed to ask for more time to serve them. Plaintiff sat on her hands and did nothing to resolve the lack of service issue. See Civil Docket Report ("Docket Report"), annexed to Jagielski's Decl. as Exhibit "A," generally. Further, plaintiff cannot show good cause for her failure to serve these officers and the Court should deny

plaintiff any discretionary extension of time for service. Defendants Warren, Morgan, Negron, Watson, Ellis, and McCormick should be dismissed from this action.

## STATEMENT OF FACTS

Plaintiff filed her amended complaint on October 2, 2017, naming The City of New York, Correction Officers Warren, Caba, Mott, Watson, Ellis and Terry s/h/a/ Terri, and Negron, and Correction Captains Morgan, Mckenzie and Mccormick, as defendants. See Docket Sheet, Exhibit "A," Entry # 14. The City was served on October 17, 2017; Cpt. Mckenzie was served on November 21, 2017; and C.O.'s Caba, Terry and Mott were served on December 11, 2017. See Docket Sheet, Exhibit "A," Entry # 34-38. Answers have been interposed on behalf of the City, Cpt. Mckenzie, and Co's Caba, Terry and Mott on March 21, 2019 and April 18, 2019. See Docket Sheet, Exhibit "A," Entry # 41 and 48.

Plaintiff made one attempt to serve the six remaining defendants - Warren, Morgan, Negron, Watson, Ellis and Mccormick - but was not successful. See Docket Sheet, Exhibit "A," Entry # 42-47. Plaintiff never sought an extension of time to serve these defendants, and never sought assistance from the Court or Corporation Counsel to effect service on these individuals. To date these six officers have never been served.

## ARGUMENT

### PLAINTIFF FAILED TO SERVE DEFENDANTS WARREN, MORGAN, NEGRON, WATSON, ELLIS, AND MCCORMICK DURING THE RULE 4(M) PERIOD AND THE ACTION AGAINST THESE SIX DEFENDANTS SHOULD BE DISMISSED.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." See Fed. R. Civ. P. 4(m).

### A. Plaintiff has failed to show good cause for failure to effect service within 90 days.

Plaintiff bears the burden of demonstrating good cause for failing to timely serve an individual defendant. Morillo v. City of N.Y., 2003 U.S. Dist. LEXIS 17963, at *8 (S.D.N.Y. Oct. 10, 2013). Such a burden is usually met "in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." Brunson-Bedi v. New York (Hudson Valley DDSO), 2018 U.S. Dist. LEXIS 74031, at *14 (S.D.N.Y. May 1, 2018) (citations omitted). In evaluating whether good cause has been shown, courts consider "(1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." M.C. v. Cty. of Westchester, 2018 U.S. Dist. LEXIS 28810, at * 8 (S.D.N.Y. Feb. 21, 2018) (citations omitted). "[M]ere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." Brunson-Bedi, 2018 U.S. Dist. LEXIS 74031, at *14 (citations omitted). Courts also consider whether a plaintiff moved for an extension of time in which to serve the defendant. AIG Managed Market Neutral Fund v. Askin Capital Mgmt. L.P., 197 F.R.D. 104, 108 (S.D.N.Y. Oct. 6, 2000) (citations omitted).

Plaintiff did not serve C.O.'s Warren, Morgan, Negron, Watson, Ellis, and McCormick within 90 days of the filing of her complaint. Plaintiff never moved for an extension of time to serve these officers before the expiration of the 90 day time period. In fact, during the duration of this entire litigation – from October 2, 2017 to April 24, 2019 - plaintiff never moved for an extension of time to serve these officers.

On April 11, 2019. the plaintiff filed six affidavits for the unserved defendants alleging her due diligence in attempting to serve them. See Docket Sheet, Exhibit "A," Entry # 42-47.

4

According to the affidavits, these so called diligent efforts, made on November 2, 2017, consisted of hiring a process server to deliver a copy of the summons and complaint, who reported that service was refused because the summons lacked a full name and/or badge number that identified the defendant. Id. Presumably, plaintiff or her counsel became aware on or shortly after that date that they needed more information to serve these officers, but they did nothing – they did not ask for an extension of time to serve these individuals, did not ask Corporation Counsel for assistance in identifying these officers, and did not ask the Court for assistance. The failure to serve these officers was certainly not due to "circumstances beyond its control" and the lack of any effort beyond the one attempt demonstrates no diligence whatsoever, let alone reasonable diligence. Accordingly, plaintiff cannot demonstrate good cause for her failure to serve these six officers within the required time.

### B. A discretionary extension of time to serve the six defendants is not warranted.

In cases where good cause is absent, a court may exercise its discretionary authority to grant an extension under Rule 4(m). See Zapata v. City of N.Y., 502 F.3d 192, 193 (2d Cir. N.Y. 2007). When deciding whether to exercise its discretion, "a district court should first consider whether the plaintiff has advance[d] some colorable excuse for neglect." Brunson-Bedi, 2018 U.S. Dist. LEXIS 74031, at *15. Next, in addition to assessing whether reasonable attempts were made to serve process within the 90 day time period, courts should consider: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." Id., at *16.

Here, the plaintiff did not make a reasonable attempt to serve the six defendants. First and foremost, the plaintiff is represented by counsel and is not entitled to the "special solicitude afforded to *pro se* litigants." Levitant v. Workers Comp. Bd. of N.Y., 2018 U.S. Dist. LEXIS 39096, at *10 (S.D.N.Y. Mar. 8, 2018). Second, there is absolutely no colorable excuse or explanation advanced by the plaintiff to explain her failure to serve these six defendants. Plaintiff made a single attempt to serve these defendants back on November 2, 2017. According to the affidavits of service these so called diligent efforts consisted of hiring a process server to deliver a copy of the summons and complaint, who reported that service was refused because the summons lacked a full name and/or badge number that identified the defendant. Presumably, plaintiff or her counsel became aware on or shortly after that date that they needed more information to serve these officers, but they did nothing – they did not ask for an extension of time to serve these individuals, did not ask Corporation Counsel for assistance in identifying these officers, and did not ask the Court for assistance. See Docket Sheet, Exhibit "A," generally. Since making the initial attempt to serve the six defendants nearly one and a half years ago, the plaintiff has not requested an extension of time, has not asked for the Court's intervention, and has not, on information and belief, requested any assistance from the defense in serving the remaining defendants. In fact, there is no indication that the plaintiff did anything about the lack of service until April 11, 2019, when plaintiff requested a waiver of service. Because the plaintiff has neither made a diligent effort nor advanced any colorable excuse for her neglect, on these grounds alone should the claims against the six defendants be dismissed.

Furthermore, even in considering the additional factors, the balance still favors the defendants and a discretionary extension is not warranted. There is no dispute that the statute of limitations on the plaintiff's claims against these six officers has run and that any extension of

time to serve them would in essence result in a dismissal with prejudice, a factor that weights in favor of the plaintiff.[1] However, there is no evidence that any of the six officers concealed the defect of service – in fact, plaintiff's own affidavits of service indicated that service was unsuccessful and provided direction on how to correct the problem. The six officers would also certainly be prejudiced by the late service at this stage in the litigation. The incidents that the plaintiff alleged against these defendants occurred anywhere between four and seven years ago. To bring these six individuals into the case now would be highly prejudicial and force them to defend against an action where they were not served with process and remain uncertain and/or unaware of the status of this action against them to this day.

The facts here are in sharp contrast to those in cases where plaintiffs were found to exercise due diligence and were granted discretionary extensions of time. In M.C. v. Cty. of Westchester, the Court found that the plaintiff acted diligently within the 90 day time period when it enlisted the services of an experienced process server, made attempts to communicate with the defendants, conducted inquiries regarding service (and reasonably acted on them), and ultimately filed for an extension of time to serve. M.C. v. Cty. of Westchester, 2018 U.S. Dist. LEXIS 28810, at * 10-11. This is certainly not the case here. However, even if there was an even split on factors in this matter, the "plaintiff's utter failure to provide an explanation for the extensive delay in service warrants dismissal." Brunson-Bedi, 2018 U.S. Dist. LEXIS 74031, at *22; see also Zapata, 502 F.3d at 199 (despite factors weighting against dismissal of the action, there was no abuse of discretion where the plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has

---

[1] The bulk of plaintiff's allegations relate to incidents that occurred between February 2012, when plaintiff was detained at Rikers and May 2, 2015 when she was released from custody. All of the incidents which are specifically alleged against these six officers allegedly occurred before April 2015 and hence are time barred. See Dkt. No. 14 (Amended Complaint), passim.

advanced no cognizable excuse for the delay"); Prophete v. New York Police Dep't, 2010 U.S. App. LEXIS 13699, at *4 (2d Cir. N.Y. 2010) (finding "nothing in the record to suggest that Prophete made any effort to effect service, moved for an extension of time to serve [ ], or demonstrated good cause for failure to effect service."); Spinale v. Ball, 352 Fed. Appx 599, 600 (2d Cir. N.Y. 2009) (finding no abuse of discretion by the district court's refusal to overlook plaintiff's 14-month delay in effecting service where plaintiff failed to show any exercise of due diligence in locating the defendant). Therefore, a discretionary extension of time in which to serve the defendants is not warranted.

## CONCLUSION

Because the plaintiff in this case made a single attempt to serve the six defendants over a year and a half ago, presumably knew of the defect and how to correct it, failed to communicate this attempt of service until April 11, 2019, did not request an extension of time at any point throughout this lengthy litigation, and failed to seek the Court's intervention or Corporation Counsel's assistance at any point, the plaintiff's efforts to serve the six defendants are far from diligent. Accordingly, any claims against defendants Warren, Morgan, Negron, Watson, Ellis, and McCormick must be dismissed.

Dated:   New York, New York
         April 24, 2019

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants*
CITY, CABA, MCKENZIE, MOTT and TERRY
100 Church Street, Room 3-156
New York, New York 10007
(212) 356-2329

By: _____
Artur G. Jagielski
Assistant Corporation Counsel
Special Federal Litigation Division