UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

CANDIE HAILEY MEANS,

                                Plaintiff,

                                                                                      17 CV 5374 (SHS)

       -against-

CITY OF NEW YORK and CORRECTIONS OFFICER
WARREN, CORRECTIONS OFFICER CAPTAIN MORGAN,
CORRECTIONS OFFICER MOTT, CORRECTIONS OFFICER
CAPTAIN MCKENZIE, CORRECTIONS OFFICER WATSON,
CORRECTIONS OFFICER CABA, CORRECTIONS OFFICER
ELLIS, CORRECTIONS OFFICER TERRI, CORRECTIONS OFFICER
CAPTAIN MCCORMICK, CORRECTIONS OFFICER CAPTAIN
NEGRON, and JOHN and JANE DOES 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                                         Defendants,
-----------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FOR UNTIMELY SERVICE PURSUANT TO RULE 4(M) AS
TO DEFENDANTS ELLIS, MCCORMICK, MORGAN, NEGRON, WARREN AND
WATSON**

       Plaintiff respectfully submit this memorandum of law in opposition to Defendants'

motion to dismiss as to Defendants Ellis, McCormick, Morgan, Negron, Warren and Watson

pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP").

**PRELIMINARY STATEMENT**

       Obviously, Defendants are attempting to avoid liability for the horrifying, inhumane and

unconstitutional treatment that they subjected Plaintiff to as a mentally ill inmate held at Rikers

for three years while awaiting trial. However, since counsel for all Defendants have already

appeared and engaged in extensive motion practice on behalf of all Defendants, they can't now

1

claim that some individual Defendants should avoid liability due to any defects in service of process.[1]

While Defendants' motion to dismiss the Amended Complaint filed on December 15, 2017 purported to be filed only on behalf of the City of New York, the motion substantively addressed issues that apply to all Defendants, including those for whom service has not yet been effectuated. As a result, counsel for Defendant City has essentially appeared on behalf of, argued a motion to dismiss, and propounded a motion under Rule 4(m) on behalf of all Defendants, including Ellis, McCormick, Morgan, Negron, Warren and Watson and thus any technical defect in service should not result in a dismissal of any cause of action against those Defendants.

Specifically, Defendants motion to dismiss the Amended Complaint asserted that Plaintiff's claims for violation of Americans with Disabilities Act, violation of the Rehabilitation Act, Supervisory Liability, and Municipal Liability under Monell, all of which apply to all individually-named Defendants, collectively and individually, should be dismissed. Since these claims apply to all Defendants as pled in the Amended Complaint, counsel for Defendants can't now claim that these Defendants are in the dark about this case and any technical problem with service of process warrants dismissal. For example, ¶ 30 of the Amended Complaint (Dkt. #14) alleges that after Plaintiff attempted suicide in her solitary confinement cell, Defendant Warren and other PROBE team members went to her cell where Defendant Warren sexually assaulted her by sticking his fingers in her vagina and anus while other officers held her down. This assault was one of the bases for Plaintiff's ADA cause of action (Id. ¶¶ 81-88), Rehabilitation Act cause of action (Id. ¶¶ 89-93), Supervisory Liability cause of action (Id. ¶¶ 97-100), Monell

---

[1] While opposing counsel has so far only entered a Notice of Appearance for Defendants City, Caba and Terri and Answered on behalf of Defendants City, Caba, Terri, McKenzie and Mott, they have ostensibly appeared for all named Defendants including Ellis, McCormick, Morgan, Negron, Warren, Watson, and John & Jane Does #1-10.

cause of action (Id. ¶¶ 104-113). Hence counsel for the City has already ostensibly appeared and argued on behalf of all individually-named defendants. Similarly, ¶ 31 of the Amended Complaint alleges that Defendants Ellis and Watson severely beat Plaintiff while she was a mentally ill inmate in solitary confinement; ¶ 33 alleges that Defendant Captain Morgan punched Plaintiff and sexually assaulted her; ¶36 alleges that Defendant Captains McCormick and Negron assaulted Plaintiff. All of these actions by Defendants Ellis, McCormick, Morgan, Negron, Warren and Watson are part of the causes of action that opposing counsel moved to dismiss on their behalf and they therefore are not prejudiced in any way by the case moving forward against them in spite of any service deficiency.

Instead of granting Defendants' tactical motion to dismiss claims against these Defendants, the Court should deny their motion and permit Plaintiff additional time to serve these Defendants who ostensibly have counsel that is already actively participating and advocating on their behalf in this litigation.

## STATEMENT OF FACTS

Plaintiff, a mentally ill woman, was the victim of continuous sexual and physical assaults while incarcerated at Riker's Island while awaiting trial, and held in solitary confinement for three years. (Dkt. #14, ¶24). Defendants were aware of Plaintiff's mental disability, specifically her diagnosis of depression and that she was considered a suicidal inmate classified as requiring mental observation. (Id., ¶ 26). Despite Defendants knowledge that Plaintiff was depressed and suicidal, they kept her in solitary confinement and contributed to her more than 100 suicide attempts, which were often met with further violence by the individually-named Defendants. (Id., ¶¶ 27-28, 38). For example, ¶ 30 of the Amended Complaint alleges that after Plaintiff attempted suicide in her solitary confinement cell, Defendant Warren and other PROBE team

members went to her cell where Defendant Warren sexually assaulted her by sticking his fingers in her vagina and anus while other officers held her down. This assault was one of the bases for Plaintiff's ADA cause of action (Id. ¶¶ 81-88), Rehabilitation Act cause of action (Id. ¶¶ 89-93), Supervisory Liability cause of action (Id. ¶¶ 97-100), Monell cause of action (Id. ¶¶ 104-113). Hence counsel for the City has already ostensibly appeared and argued on behalf of all individually-named defendants. Similarly, ¶ 31 of the Amended Complaint alleges that Defendants Ellis and Watson severely beat Plaintiff while she was a mentally ill inmate in solitary confinement; ¶ 33 alleges that Defendant Captain Morgan punched Plaintiff and sexually assaulted her; ¶36 alleges that Defendant Captains McCormick and Negron assaulted Plaintiff. All of these actions by Defendants Ellis, McCormick, Morgan, Negron, Warren and Watson are part of the causes of action that opposing counsel moved to dismiss on their behalf and they therefore are not prejudiced in any way by the case moving forward against them in spite of any service deficiency.

As a result of Plaintiff's imprisonment and stay in solitary confinement art Riker's, her psychiatric harm and conditions worsened and in June 2015, she was declared permanently disabled by the Social Security Administration as a result of the continuous unconstitutional treatment that exacerbated her existing medical disabilities. (Id.,¶68).

Plaintiff filed the Amended Complaint on October 2, 2017. (Dkt. 14). On October 11, 2017, Plaintiff provided fourteen (14) copies of the Summons and Amended Complaint to Gotham Process Service, a professionally licensed process server that Plaintiff's counsel has used successfully for nearly twenty years. (Affirmation of Tracey L. Brown, "Brown Aff.," Exhibit 2). Plaintiff's counsel provided address information for all Defendants and directed

4

Gotham to effectuate personal service and to file the Affidavits of Service with the Clerk of SDNY.

On October 17, 2017, Gotham successfully served Defendant City of New York with the Summons and Amended Complaint. (Dkt. #34). On November 21, 2017, Gotham successfully served Defendant McKenzie at Elmhurst Hospital with the Summons and Amended Complaint (Dkt. #36).

On December 11, 2017, Gotham successfully served Defendants Mott, Caba, Terri, and John and Jane Does #1-10 at Riker's Island with the Summons and Amended Complaint. (Dkt. #s 35, 37, 38, 39.)

The Answers for Defendants City, Caba, McKenzie, Mott, Terri, and John & Jane Does #1-10 were due 21 days after service of the Summons and Amended Complaint. On October 5, 2017, the Court granted Defendant City's letter motion to extend their time to Answer the Complaint to December 16, 2017. No such motion was filed on behalf of Defendants Caba, McKenzie, Mott, Terri, and John & Jane Does, making their Answers due 21 days after service, and in no event later than January 1, 2018 (See Dkt. #s 34-39).

Plaintiff's process server swore Affidavits of Service as to Defendants City, Caba, McKenzie, Mott, Terri, and John & Jane Does #1-10 and provided them to Plaintiff on March 11, 2019. (Brown Aff., Exhibit 3; Dkt. #s 34-39)

On November 2, 2017, Plaintiff, through its process server, attempted to serve Defendants Ellis, McCormick, Morgan, Negron, Warren and Watson at Riker's Island. The process server swore in an Affidavit of Due Diligence that "the deponent made proper and diligent effort to serve said process;" that "Service was refused. I was told that the full name and/or badge number is needed in order to identify defendant officer;" that the "deponent verily

5

believes that he will not be able to effect personal service upon the above named person(s) herein, although your deponent made due and diligent efforts to effect the same." (Dkt. #s 42-47).

Plaintiff's process server swore Affidavits of Due Diligence as to Defendants Ellis, McCormick, Morgan, Negron, Warren and Watson and provided them to Plaintiff on April 8, 2019. (Brown Aff. Exhibit 4; Dkt. #s 42-47).

On December 15, 2017, Defendants filed a Motion and Memorandum of Law to Dismiss Plaintiff's Amended Complaint, purportedly on behalf of Defendant City of New York. (Dkt. #24, 25). However, Defendant City of New York's Memorandum of Law in support of its Motion to Dismiss espoused arguments on behalf of all named Defendants, including Defendants Ellis, McCormick, Morgan, Negron, Warren and Watson.

On March 7, 2019, the Court held a conference to issue its decision on Defendants' partial motion to dismiss. At no time in the preceding fourteen (14) months did any Defendant file an Answer to the Amended Complaint or seek additional time to file an Answer. At the March 7, 2019 conference, for the first time the issue of potential deficiencies in service was raised. Opposing counsel raised the issue and the Court noted that no affidavits of service had been filed, Plaintiff's counsel informed the Court that she believed that all parties had been served and would confirm such once she got back to her office. (Brown Aff., Exhibit 6).

Plaintiff's counsel was able to confirm that Defendants City of New York, Caba, McKenzie, Mott, Terri, and John and Jane Does #1-10 were properly and timely served and filed Affidavits of Service on March 15, 2019. (Dkt. #34-39).

On March 21, 2019, counsel for Defendants filed an untimely Answer to the Amended Complaint on behalf of the City, Caba and Terri. (Dkt.# 41)

6

Plaintiff's counsel sought additional information from the process server and on April 8, 2019 learned that the process server had been unable to serve Defendants Ellis, McCormick, Morgan, Negron, Warren and Watson and was provided with affidavits of due diligence from the process server that were filed via ECF on April 11, 2019 (Brown Aff., Exhibit 4; Dkt. # 42-47).

On April 11, 2019, Plaintiff contacted Defendants to request that they accept service on the remaining Defendnats or in the alternative execute waivers of service (Brown Aff., Exhibit 5

On April 18, 2019, Defendants filed an untimely Answer on behalf of Defendants McKenzie and Mott. (Dkt. # 48).

## ARGUMENT

**PLAINTIFF EXERCISED DUE DILIGENCE IN ATTEMPTING TO SERVE DEFENDANTS ELLIS, MCCORMICK, MORGAN, NEGRON, WARREN AND WATSON AND THE COURT SHOULD PERMIT PLAINTIFF AN ADDITIONAL THIRTY DAYS TO SERVE THESE DEFENDANTS**

### A. Plaintiff Has Shown Good Cause for Failure to Serve These Defendants Within the Time Period

Federal Rule of Civil Procedure 4(m) requires that if Plaintiff shows good cause for failure to serve within the time period, the Court must extend time to serve. This can be done by the Court on its own without a motion by Plaintiff. If no good cause is shown, the Court must either dismiss the action against the unserved defendant, **or** order that service be made within a specified time. Tishman v. Associated Press, 2005 WL 3466022 (S.D.N.Y. 2005) (Rule 4(m) reflects a healthy distrust for dismissing an action based on defects in service.)

Courts consider two factors when determining if good cause exists for the failure to timely serve: 1) whether plaintiff made reasonable efforts to effectuate service; and 2) whether defendant was prejudiced by the delay in service. Remice v. Zenk, 2008 WL 4516246 (E.D.N.Y. 2008). Here, Plaintiff's counsel provided its long-time process server, Gotham, with service

7

instructions to serve all Defendants and to file the affidavits of service with the Court. Gotham successfully served Defendants City, Caba, McKenzie, Mott, Terri, and John and Jane Does #s 1-10 within 90 days of the filing of the Amended Complaint. Unbeknownst to Plaintiff, the process server attempted to serve Defendants Ellis, McCormick, Morgan, Negron, Warren and Watson at Riker's Island, but service was refused. National Union Fire Insurance Co. of Pittsburgh, Pa. v. Barney Associates, 130 F.R.D. 291 (S.D.N.Y. 1990) (holding that good cause existed when plaintiff used reasonable efforts when the attorney retained an otherwise trusted tracing company to find an individual to be served but was unable to find the person before the time expired for service). Here, like in National Union, Plaintiff used reasonable efforts by using a trusted process server to serve, or attempt to serve all Defendants.

Moreover, Defendants filed a motion to dismiss the Amended Complaint related to all Defendants, including all of the individually-named Defendants. The motion did not carve out only the served Defendants when urging the Court to dismiss Plaintiff's causes of action for violations of the law. (Defts, Memorandum of Law, Dkt. #24). In fact, the motion, specifically seeks relief for Defendants Mott and Bristow, two defendants that counsel claimed it did not represent. (Id, p. 3, footnote 1). More broadly, the motion seeks relief for all of the individually-named Defendants, including those whom Defendants now assert have not been timely served. Gotham was in fact able to successfully serve some of the Defendants and the same claims exist against all of the Defendants. Sanderson v. First Liberty Insurance Corp, 2017 WL 1403274 (N.D.N.Y. 2017) (holding that untimely service does not prejudice defendants where the only prejudice is simply being forced to defend the suit on the merits).

## B. In the Absence of Good Cause, the Court Should Exercise Its Discretion to Grant Plaintiff an Extension to Serve the Remaining Defendants

Case law throughout this Circuit is clear: When good cause is not found to allow an extension of service of process, the Court may use its discretion to extend the time for plaintiff to complete service of process on the defendant. Charles v New York City Police Dept., 1999 WL 717300 (S.D.N.Y. 1999) (permitting plaintiff a 45-day extension of time to serve after a two-year delay in service of process); Jordan v. Forfeiture Support Associates, 928 F.Supp.2d 588 (E.D.N.Y. 2013) (even where judge had to repeatedly warn plaintiff about deficiencies in her service, the Court granted plaintiff a 30-day extension of time to serve the complaint).

Courts have established a four-part test in assessing whether to use discretion to permit an extension to serve where good cause is absent: 1) whether the applicable statute of limitations would bar the refiled action; 2) whether the defendant had actual notice of the claims asserted in the complaint; 3) whether the defendant had attempted to conceal the defect in service or avoid service; and 4) whether the defendant would be prejudiced by the granting of the plaintiff's request for additional time. Beauvoir v. U.S. Secret Service, 234 F.R.D. 55 (E.D.N.Y 2006).

Defendants cite to inapposite cases in their motion in an attempt to downplay the relevant factors that must be assessed. For example, Defendants rely heavily on Brunson-Bedi v New York )Hudson Valley DDSO), 2018 U.S. Dist. LEXIS 74031, at *15 to suggest that courts should not exercise their discretion if plaintiff has not advanced a "colorable excuse for neglect." However, in Brunson-Bedi, the plaintiff did not attempt to service on defendant until after the deadline had expired. In contrast, Plaintiff here attempted timely service and was able to serve some of the Defendants.

In the case at bar, all of the factors mitigate in favor of granting Plaintiff an extension to serve the remaining Defendants. With regard to the first factor, denying Plaintiff this extension would completely bar her from pursuing her claims against those defendants as the statute of limitations has since expired. Courts have consistently held that the fact that the statute of limitations has run on a plaintiff's claim to be a factor that favor's granting plaintiff an extension. Carroll v. Certified Moving & Storage, Co. LLC, 2005 WL1711184 (E.D.N.Y. 2005).

With regard to the second factor, presumed counsel for all Defendants, the Corporation Counsel of the City of New York, has appeared and engaged in significant motion practice on behalf of all of the Defendants. This heavily suggests that the unserved Defendants have actual notice of the claims asserted in the complaint. In addition, the unserved Defendants are fellow corrections officers alongside Defendants that were timely served, thus making it likely that they have actual notice of the claims.

With regard to the third factor, opposing counsel's actions in engaging in motion practice with the motion to dismiss filed in December 2017, and never raising any purported defect in service until March 2019, suggests that Defendants are attempting to conceal the service deficiencies. By substantively addressing issues in the motion that apply directly to the unserved Defendants, yet willfully not mentioning them by name, reeks of attempted concealment and sharp practices, Thus, this third factor also weighs in favor of permitting Plaintiff an extension to serve.

As to the fourth factor, whether Defendants will be prejudiced by an extension of time to serve, this also mitigates in favor of Plaintiff. There is no prejudice to the unserved Defendants where they are likely to have the same counsel as the served Defendants, and the counsel has already engaged in motion practice, including the December 2017 motion to dismiss and the

current motion that inures to the benefit of the unserved Defendants. Corporation Counsel is advocating already for the unserved Defendants. Moreover, discovery has just begun and no depositions have yet been taken. The unserved Defendants can easily and immediately begin participating in this litigation. In addition, unless the unserved Defendants routinely sexually assault and beat every mentally ill female inmate at Riker's Island, it is likely that they can easily recall the incidents Plaintiff has alleged, regardless of when they occurred. In <u>Remice v. Zenk</u>, even where only two of the four factors weighed in plaintiff's favor, the Court permitted a 3o-day extension to serve the defendant.

Dated: New York, New York
      May 22, 2019

Respectfully submitted,

THE COCHRAN FIRM
Attorneys for Plaintiffs

TRACEY L. BROWN (TB-4094)
DEREK S. SELLS (DS-8891)
55 Broadway, 23rd Floor
New York, NY 10006
Tel No.: (212) 553-9215
Fax No.: (212) 227-8763
dsells@cochranfirm.com
tbrown@cochranfirm.com