17-CV-5374 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANDIE HAILEY MEANS,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.

Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE DEFENDANTS WARREN, MORGAN, NEGRON, WATSON, ELLIS, AND MCCORMICK, PURSUANT TO FED. R. CIV. PRO. 4(M) FOR UNTIMELY SERVICE.

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Artur G. Jagielski*
*Tel: (212) 356-2329*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CANDIE HAILEY MEANS,

                                          Plaintiff,

              -against-

THE CITY OF NEW YORK, et al.,

                                    Defendants.

------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION PURSUANT TO RULE 4(M) TO DISMISS FOR UNTIMELY SERVICE**

17-CV-5374 (SHS)

## PRELIMINARY STATEMENT

Plaintiff's opposition fails to advance any colorable excuse for her failure to serve process on defendants Warren, Morgan, Negron, Watson, Ellis, and McCormick within the 90 days under Fed. R. Civ. P. 4(m) or at any time within the past 18 months or so. Instead, plaintiff blames her process server. See Dkt. No. 56, at *7. Apparently, the process server made one attempt to serve these six defendants, id., at *5-6, but, when that failed neither plaintiff, her counsel, nor the process server did anything further to effect service on these individuals. They did not try again, did not try to serve by a waiver of service form, did not reach out to DOC or Corp. Counsel, did not seek an extension of time to effect service, and did not seek assistance from the Court. They did nothing for over 18 months until after the Fed. R. Civ. P. 12(b)(6) motion was decided. Most significantly, plaintiff fails to explain why her counsel failed to reach out to her process server to determine the status of service. Since plaintiff's opposition utterly fails to demonstrate that she made any efforts, let alone diligent efforts, to serve these defendants, this court should not exercise its discretion to extend plaintiff's time to serve them, but rather, these defendants should be dismissed from this case.

Instead, in an effort to deflect the Court's attention from her total failure to serve these

defendants, plaintiff's counsel also points her finger at the City and falsely exclaims that this

office has already "appeared" for all defendants, and "engaged in extensive motion practice"

Dkt. No. 56, at *1, but, in actual fact, the City filed only one substantive motion.  See Dkt. Nos.

24-25.  Similarly, plaintiff incorrectly describes the total lack of service on these six defendants

simply as mere "defects in service" – as though service was made but was technically deficient.

Dkt. No. 56, at *2.

Finally, in an attempt to evoke sympathy, plaintiff's counsel points at her client who she

describes as a "mentally ill woman," and lists the specific incidents allegedly involving these six

defendants. Dkt. No. 56, at *3-4. However, she omits to mention that the three year statute of

limitations has long since elapsed for each of the incidents involving the six defendants, which

she claims occurred on October 18, 2014, Dkt. No. 14, ¶ 31, February 2015, Id., at ¶ 33, and

April 17, 2015. Id., at ¶ 36.

Because good cause has not been shown, these six defendants must be dismissed from

the case and the Court should not grant plaintiff a discretionary extension of time in which to

properly execute service.

## ARGUMENT

### PLAINTIFF HAS NOT EXERCISED DUE DILIGENCE TO SERVE THE SIX DEFENDANTS AND THE COURT SHOULD DISMISS THE ACTION AGAINST THEM

Plaintiff asserts that on November 2, 2017, she used her long-time process server to serve

all defendants. See Dkt. No. 56, at *4-5.  The process server was not able to serve Warren,

Morgan, Negron, Watson, Ellis, and McCormick, but, according to plaintiff's counsel, nothing

further was done until April 8, 2019, when she filed the inaptly named "Affidavit of Due

Diligence" that reflected that service on these six officers had not been made.[1]  See Dkt. Nos. 42-47.  One would expect that a professional process server would promptly provide counsel with affidavits of service or advise counsel about any problems with service, and, if not, one would expect that counsel would reach out to the process server for such information.

Plaintiff cites to Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Barney Assocs., 130 F.R.D. 291 (S.D.N.Y. April 12, 1990) to argue that, like the plaintiff in that case, she used "reasonable efforts by using a trusted process server to serve."  Dkt. No. 56, at *8.  However, in the Nat'l Union case, the Court found that reasonable efforts were made by the plaintiff where (1) an address was provided to a process server "immediately after [plaintiff] filed the complaint," (2) plaintiff retained a separate company "to locate [defendant]" after an address change was discovered, and (3) plaintiff "kept contact [ ] to see how the search was progressing." 130 F.R.D. at 293.  The Court further noted that "plaintiff's filing of its Rule 6(b) motion for an enlargement of time weights in favor of showing of diligence."  Id.  Here, plaintiff hired a process server who made a single attempt 18 months ago to serve the defendants with process. See Dkt. Nos. 42-47.  This information was not communicated to the Court or to this Office until April 11, 2019 when these so-called due diligence affidavits were placed on the docket. Id. Unlike plaintiff in Nat'l Union, plaintiff here did not follow up with the process server regarding service, did not make efforts to locate other addresses for these six defendants, obviously did not keep contact with the process server, and did not seek an enlargement of time to serve.

Citing to Sanderson v. First Liberty Ins. Corp., 2017 U.S. Dist. LEXIS 59330 (N.D.N.Y. April 19, 2017), plaintiff argues that the defendants would not be prejudiced by the delay.  See

---

[1] Curiously, the so-called "Affidavits of Due Diligence" indicating that service was attempted on November 2, 2017 were sworn on November 5, 2018. See Dkt. Nos. 42-46, and November 5, 2019. See Dkt. No. 47.

Dkt. No. 56, at *8.  Plaintiff argues that the 12(b)(6) motion to dismiss the Amended Complaint

"did not carve out only the served Defendants when urging the Court to dismiss" and was

therefore filed on behalf of all of the defendants, thereby waiving any prejudice.  Id.  This is

simply not true.  The City's 12(b)(6) motion was clearly filed on behalf of the City.  See Dkt.

Nos. 24-25.  Indeed, when referencing two specifically named defendants (Mott and Bristow) in

footnote 3, the motion clearly stated that the two defendants were not served with the Amended

Complaint and were not represented by this Office.  However, the Court was urged to "*sua sponte*

dismiss the claims as against defendants Mott and Bristow in the interests of judicial economy."

Dkt. No. 25, at *3 n. 3.  By making this argument, the City did not represent all unserved

defendants.  Rather, the City's motion challenged the implausibility of several of the claims in the

Amended Complaint.  Plaintiff's suggestion that somehow all unserved defendants were put on

notice and representation assumed on their behalf by this Office is false.

    Second, the facts in Sanderson are very different. In that case the defendants were on

actual notice because of their "ongoing negotiations with plaintiff regarding a possible

resolution," thereby negating any arguments that they could not defend the claims on the merits.

Id. at *8. Here, however, defendants are not engaged in such ongoing negotiations where they

actively partake in discussions surrounding the allegations that occurred 4-7 years ago.

Therefore, because plaintiff has not shown good cause for failure to serve the six defendants, the

action against them should be dismissed.

### A DISCRETIONARY EXTENSION OF TIME TO SERVE THE DEFENDANTS IS NOT WARRANTED WHERE PLAINTIFF HAS FAILED TO ADVANCE A COLORABLE EXCUSE FOR HER 18 MONTH NEGLECT

Plaintiff's reliance on Charles v. N.Y.C. Police Dep't, and Jordan v. Forfeiture Support

Assocs. to argue that the Court should exercise its discretion to grant her an extension of time to

serve the remaining defendants is misplaced.  In <u>Charles v. N.Y.C. Police Dep't</u>, 1999 U.S. Dist.

LEXIS 14274 (S.D.N.Y. Sept. 15, 1999), the *pro se* plaintiff  sought advice from her friend when

preparing copies of the summons and complaint for service and left the documents at NYPD

headquarters.  <u>Charles</u>, 1999 U.S. Dist. at * 19, 21.  Regardless of the improper service, plaintiff

was given a 45 day extension of time to serve the individual defendants.  <u>Id.</u> at * 4.  Likewise, in

<u>Jordan v. Forfeiture Support Assocs.</u>, 928 F. Supp. 2d 588 (E.D.N.Y. March 5, 2013), a *pro se*

plaintiff was given a 30 day extension where he mailed the summons and complaint to the

defendant after being told of the defect in his service. The plaintiff attempted to serve the

defendant and provided evidence that he served the defendant by certified mail, even though the

Court found his method to be improper. <u>Id.</u> at 598.

 While case law in this Circuit is clear that when good cause is not found an extension of

time may be granted in the court's discretion, plaintiff must still demonstrate "some colorable

excuse for neglect." <u>Zapata v. City of N.Y.,</u>  502 F.3d 192, 198 (2d Cir. 2007); <u>see also</u> <u>Brunson-</u>

<u>Bedi v. New York (Hudson Valley DDSO)</u>, 2018 U.S. Dist. 74031, *15 (S.D.N.Y. May 1, 2018)

(finding that plaintiff has made "no explanation, let alone a colorable one for her delay in

service" by "argu[ing] that Defendants had actual notice of the claims and that she would be

severely prejudiced if this Court were to dismiss her claims"); <u>Bogle-Assegai v. Connecticut,</u>

470 F.3d 498 (2d Cir. 2006) (finding against the plaintiff where she "conceded that those

defendants had not been properly served in their individual capacities; [and] she offered no

excuse whatever for the defective service.").

 Here, plaintiff has made no such colorable excuse. Whereas plaintiff attempts to

distinguish this case from <u>Brunson-Bedi</u> by arguing that plaintiff here actually made an attempt

to serve the six defendants within the allotted time period, she omits the other factors including

"neglect[ ] to ask for an extension within a reasonable period of time" and failure to "advance[ ] [a] cognizable excuse for delay." Brunson-Bedi, 2018 U.S. Dist. LEXIS at *22 (quoting Zapata, 502 F.3d at 199).  In this case, plaintiff made a single attempt to serve the six defendants on November 2, 2017, and this lack of service was not brought to the Court's and to this Office's attention until April 11, 2019 – a total of 525 days.  Plaintiff claims not to have known that the six defendants remained unserved 18 months after the single attempt was made. Clearly, no follow-up communications were made regarding the attempted service. The process server was also provided clear instructions that a "badge number is needed in order to identify defendant officer" but no efforts were made to obtain this information.   Plaintiff took no action to ascertain the badge number from this Office or DOC, or to seek the Court's assistance. An extension for a reasonable period of time was also not requested and no cognizable excuse for delay was advanced despite all of the evidence showing that certain defendants remained unserved.

**CONCLUSION**

Because plaintiff has not shown good cause for failing to serve the six defendants and has failed to advance any colorable excuse for neglect that would warrant a discretionary extension, the action against defendants Warren, Morgan, Negron, Watson, Ellis, and McCormick must be dismissed.

Dated:      New York, New York
            May 29, 2019

                            ZACHARY W. CARTER
                            Corporation Counsel of the
                            City of New York
                            *Attorney for Defendants*
                            CITY, CABA, MCKENZIE, MOTT and
                            TERRY
                            100 Church Street, Room 3-156
                            New York, New York 10007
                            (212) 356-2329

By:

                            Artur G. Jagielski
                            Assistant Corporation Counsel
                            Special Federal Litigation Division