UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CANDIE HAILEY MEANS,

                Plaintiff,

-against-

CITY OF NEW YORK, *ET AL.*,

                Defendants.

17-Cv-5374 (SHS)

OPINION

SIDNEY H. STEIN, U.S. District Judge.

Plaintiff Candie Hailey Means has brought civil rights claims against the City of New York and several corrections officers for alleged mistreatment of her during her three-year confinement at Rikers Island. Following discovery proceedings and a ruling by the Court granting in part and denying in part defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiff's complaint (*see* March 8, 2019 Order, Doc. No. 33), defendants have moved to dismiss six individual defendants from this action. (Notice of Motion, Doc. No. 49.) They allege that the six defendants – Corrections Officers Warren, Captain Morgan, Captain Negron, Watson, Ellis, and Captain McCormick – were never properly served with the summons and amended complaint and should therefore be dismissed from this action pursuant to Fed. R. Civ. P. 4(m). (*Id.*) For the reasons set forth below, defendants' motion to dismiss is granted.

### I. Background

Plaintiff originally brought suit in Supreme Court of the State of New York, Bronx County, and the case was subsequently removed to this Court. (Doc. No. 1.) Plaintiff filed her amended complaint in early October 2017 and provided copies of the summons and amended complaint to Gotham Process Service, a "professionally licensed process server that Plaintiff's

1

counsel has used successfully for nearly twenty years." (Pl.'s Mem. of Law in Opposition to Def.'s Mot. To Dismiss, Doc. No. 56 ("Pl.'s Mem.") at 4; *see* Affirmation of Tracey L. Brown in Opposition, Doc. No. 57, Ex. 1.) As evinced by the "Acknowledgments of Service," defendants City of New York, Mott, McKenzie, Caba, and Terri were all timely served. (Doc. Nos. 34-38.) Those defendants then answered the amended complaint. (Doc. Nos. 41, 48). The process server attempted to serve the remaining six defendants on November 2, 2017, but service was refused on the grounds that "the full name of defendant and/or badge number is needed in order to identify defendant officer." (Doc. Nos. 42-47.)

Both sides agree that no other attempt was made to serve the six defendants after November 2, 2017, almost twenty months ago. Accordingly, no answer to the amended complaint has been filed on behalf of those defendants. Defendants assert that "Plaintiff never sought an extension of time to serve these defendants, and never sought assistance from the Court or Corporation Counsel to effect service on these individuals." (Def.'s Mem. of Law in Support of Mot. to Dismiss, Doc. No. 50 ("Def.'s Mem.") at 3.) The exhibits attached to the Brown Affirmation indicate that Means's counsel emailed defense counsel in April of this year to state that the process server was unable to serve the six defendants and requested that defense counsel accept or waive service on their behalf. (*See* Brown Aff., Ex. 5.)

Defendants have now moved to dismiss those six defendants – Warren, Morgan, Negron, Watson, Ellis, and McCormick – pursuant to Rule 4(m) for untimely service.

## II. Discussion

Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. Rule 4(m) provides in relevant part:

2

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Even if a court finds that a plaintiff has not shown good cause for failure to timely serve a defendant, the court still has "discretion to grant extensions even in the absence of good cause." *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

## A. <u>Good Cause Does Not Exist</u>

The defense argues that the six individual defendants should be dismissed because plaintiff has failed to show good cause for failing to timely serve them. "The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant… Furthermore, a delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (quoting *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000)) (internal quotation marks omitted). "The following two factors are relevant in a Court's evaluation of good cause: (1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." *Green v. Jacob & Co. Watches, Inc.*, 248 F. Supp. 3d 458, 465 (S.D.N.Y. 2017) (quoting *Vantone Grp. Ltd. Liab. Co. v. Yangpu Ngt Indus. Co.*, 13 Civ. 7639 (LTS) (FM), 2016 WL 3926449, at *4 (S.D.N.Y. July 15, 2016)).

This Court concludes that Means has not shown good cause for failing to serve the six defendants. The record is unclear whether plaintiff's counsel knew of Gotham's failure to serve these officers at Rikers Island in the aftermath of Gotham's rejection and then did nothing to effectuate service or whether plaintiff simply neglected to follow up with Gotham between

3

November 2017 and March 2019 to find out. Either way, this is purely "mere inadvertence, neglect, or mistake of a litigant's attorney" which "does not constitute good cause." *George*, 221 F. Supp. 3d at 433. Plaintiff has not cited any case with similar facts where good cause was found to exist.

Means relies on *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Barney Assocs.*, 130 F.R.D. 291 (S.D.N.Y. 1990) in support, but it is wholly distinguishable from these facts. *Nat'l Union* held that the plaintiff demonstrated good cause for the lack of timely service where, upon notice from the process server that the defendant could not be reached at his listed address, the plaintiff contacted a tracing service to track the defendant down and was prepared to ask the court for an extension of time to serve before the expiration date, but miscalculated the expiration date by three days. *See id.* at 292-93. Here, plaintiff has done none of those things or taken any action whatsoever to serve the six defendants after November 2, 2017 – almost twenty months ago – when the only attempt at service was refused.

### B. **The Court Will Not Exercise Its Discretion to Extend the Time for Service**

Even if a court finds that a plaintiff has not shown good cause for failure to timely serve a defendant – as this Court does – a court still has "discretion to grant extensions even in the absence of good cause." *Zapata*, 502 F.3d at 196. "Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure properly to serve." *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015).

These factors tip decidedly in defendants' favor. As both parties accept, the statute of limitations on the claims against these six officers have run, thus making any dismissal of these defendants effectively a dismissal with prejudice. (*See* Def.'s Mem. at 6-7; Pl.'s Mem. at 10.) This factor does weigh in plaintiff's favor. *See George*, 221 F. Supp. 3d at 436 (citing *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)). However, such concerns are mitigated by the fact that she has successfully served the remaining defendants, including the City of New York. The Court also recognizes "the possibility of prejudice insofar as 'extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants.'" *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (quoting *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y.2013)).

Additionally, Corporation Counsel of the City of New York explicitly noted in their Rule 12(b)(6) motion made on behalf of the City of New York in December 2017 (Doc. No. 25), when making arguments relating to two individual defendants who had not been served at the time,[1] that those defendants had not been served and that, as a result, the Corporation Counsel was not representing them. (*See* Def.'s Reply Mem. of Law, Doc. No. 58 at 5.) Thus, plaintiff was on specific notice that there were service issues approximately seventeen months prior to this motion being made, yet did nothing. As set forth above, plaintiff provides no "justifiable excuse" for failing to properly serve, and there is no evidence in the record that these officers had actual notice of the suit. These factors all weigh in defendants' favor.

The complete lack of any reason proffered by plaintiff for not serving the six defendants is an important factor in the Court exercising its discretion to not extend the time for plaintiff to

---

[1] The two defendants specifically singled out there – Mott and Bristol – are not subject to the instant motion.

5

serve the six defendants. This is similar to *Zapata*, where the Second Circuit affirmed the district court's denial of an extension of time to serve an individual officer at Rikers Island. The court noted that "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Zapata*, 502 F.3d at 198.

In similar situations, courts in this district have denied a discretionary extension, finding that the lack of justification or good cause outweighed other factors. *See also Vaher*, 916 F. Supp. 2d at 419-22 (S.D.N.Y. 2013) (recognizing that certain factors weighed in plaintiff's favor, but still denying plaintiff's request for a third extension of time to serve individual defendants because, as in *Zapata*, plaintiff "has also offered no explanation whatsoever for his neglect— even one falling short of good cause."); *Taylor v. City of New York*, No. 16 Civ. 7857 (NRB), 2019 WL 2343655, at *4 (S.D.N.Y. June 3, 2019) (finding no good cause shown and denying discretionary extension for service of individual corrections officer in Section 1983 action involving attack on Rikers Island where "Plaintiff here made a single unsuccessful effort to serve Officer Stevenson, failed to timely move for an extension, and delayed until well after the statute of limitations had run to request information from the City or attempt to make any showing of good cause.")

The two cases cited by plaintiff – *Charles v. New York City Police Dep't*, No. 96 Civ. 9757 (WHP), 1999 WL 717300 (S.D.N.Y. Sept. 15, 1999) and *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588 (E.D.N.Y. 2013) – where the courts granted an extension of time for service despite a lack of good cause for failure to serve, both dealt with situations where the plaintiff was proceeding *pro se* at the time of service and are thus inapposite. By contrast, the case that defendants heavily rely on, *Brunson-Bedi v. New York*, No. 15 Civ. 9790 (NSR), 2018 WL 2084171 (S.D.N.Y. May 1, 2018), also dealt with a circumstance where the statute of

limitations would bar re-filing of the plaintiff's claims and the court found "an even split in the factors," yet denied an extension because "Plaintiff's utter failure to provide an explanation for the extensive delay in service warrants dismissal." *Id.* at *9.

### III. Conclusion

For the reasons set forth above, the Court grants defendants' motion to dismiss the amended complaint with respect to the six officers at issue – defendants Warren, Morgan, Negron, Watson, Ellis, and McCormick. Plaintiff has failed to demonstrate any good cause for failure to serve these defendants and the facts do not warrant the grant of a discretionary extension of time to serve.

Dated: New York, New York
       June 25, 2019

Sidney H. Stein, U.S.D.J.