UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CANDIE HAILEY MEANS,

                Plaintiff,

- against -

THE CITY OF NEW YORK, et al.

                Defendants.

-------------------------------------------------------------x

**STIPULATION AND PROTECTIVE ORDER**

17-cv-05374 (SHS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/21/19

**WHEREAS,** the undersigned counsel for plaintiff Candie Hailey Means ("Plaintiff") and defendants City of New York, Captain Nicola McKenzie and Correction Officers Steven Terry, Traniece Mott, Yarinys Caba ( collectively "Defendants") (collectively, "the parties") intend to produce certain documents and information pursuant to Rule 26 of the Federal Rules of Civil Procedure that the parties may deem to be confidential, private, or subject to an applicable privilege, or otherwise inappropriate for public disclosure; and

**WHEREAS,** the parties object to the production of those documents unless appropriate protection for their confidentiality is assured; and

**WHEREAS,** good cause exists for the entry of an Order pursuant to Rule 26 of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for the parties as follows:

1.      As used herein, this "Matter" shall mean "Candie Hailey Means v. City of New York, et al., 17-cv-05374 (SHS)."

2. As used herein, and without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

(a) Department of Correction ("DOC") directives, trainings materials and procedures;

(b) Employment/personnel records of individual defendants including, without limitation, performance evaluations;

(c) Disciplinary histories or other records of the individual defendants whether generated by DOC and/or any of its divisions, or any other governmental agency;

(d) Personal identifying information of all parties, non-party witnesses or other individuals including, but not limited to, dates of birth, social security numbers, employee identification and/or tax identification numbers, home addresses, personal telephone numbers; to the extent any such witness or individual is entitled to the sealing provisions of New York Criminal Procedure Law §160.60, 160.51 or §375.1 of the New York Family Court Act, that person's name shall also be deemed "Confidential";

(e) Surveillance videos and/or photographs depicting DOC facilities and/or property, detainees or DOC employees;

(f) Any party's medical records, including reports and/or notes by physicians, therapists, and counselors; .

(g) Any other documents or information that may, in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the parties or the Court.

3. The documents and information as defined in Paragraph "2" hereof shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) lawfully obtained by one party from sources other than the other party; or (b) are otherwise publically available.

4. The parties shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates Number in a writing directed to opposing counsel.

5. The parties shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought by subpoena from third-parties.

6. Any documents produced by a non-party pursuant to a subpoena in this Matter and that are designated as "Confidential Materials" by the parties shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

7. The parties reserve the right to designate any documents confidential pursuant to this Stipulation of Confidentiality and Protective Order if necessary after production of such documents to the non-producing party.

8. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of any other ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the the party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

9. Nothing in this Stipulation of Confidentiality and Protective Order shall affect a party's right to redact personal and privileged information before producing any document, except that any such redacted information shall be accompanied by a privilege log.

10. If a party objects to the designation of particular documents as "Confidential Materials," that party shall state such objection in writing to the opposing party, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the party seeing the confidential designation shall, within fifteen (15) days of receiving the other party's objections to the materials classification as confidential, seek judicial intervention. Any such materials

or information shall remain confidential until the parties resolve the objection or there is a resolution by designation of the Court.

11. Confidential Materials may not be used for any purpose other than for the preparation or presentation of this Matter.

12. The parties and counsel for the parties shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of this Matter, to those individuals described in the subparagraphs below.

   b. Disclosure before trial may be made only to a party, to consultants, investigators or experts who have been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Matter, to a witness and court reporter/stenographer and/or videographer at deposition or in preparation for testimony at a deposition or trial, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or court reporters), the attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Matter and not to further disclose the Confidential Materials except in testimony taken in this case. The party's attorney who disclosed the Confidential Material to any person set forth in this subsection shall retain the signed consent and furnish a copy to the other party's attorney upon request, although the name of an expert that the disclosing party does not intend to call as a trial witness may be redacted from such consent before it is produced to opposing counsel.

13. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

14. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the Judge to whom the papers are directed.

15. Where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further Order of the Court.

16. Within thirty (30) days after the termination of this Matter, including any appeals, the Confidential Materials, including all copies, nonconforming copies, notes, and other materials containing or referring to information derived therefrom, shall be, upon the producing party's consent, destroyed, except that the non-producing party's counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing the attorney's work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect the party's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

17. Nothing in this Stipulation and Protective Order shall be construed to limit the producing party's use of the Confidential Materials in any manner.

18. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that has been deemed confidential

pursuant to this Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the non-producing party, or anyone receiving confidential documents pursuant to paragraph "12" hereof, for any purposed without Court approval.

19. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel and shall survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Material are produced or disclosed.

20. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as Order.

DATED: New York, New York
November 18, 2019

The Cochran Firm
Attorney for Plaintiff
(212)-553-9165
tbrown@cochranfirm.com

Tracey L. Brown, Esq.

JAMES E. JOHNSON
Corporation Counsel of the City of New York
Attorney for Defendants City of New York,
Captain McKenzie, Terry, Mott, and Caba
sstavrid@law.nyc.gov
(212) 356-2687

By: Steve Stavridis
Assistant Corporation Counsel

SO ORDERED:

*This stipulation and protective order may be modified for good cause shown.*

HONORABLE SIDNEY H. STEIN

Dated: November 21, 2019

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order dated November ___, 2019, in the action entitled <u>Candie Hailey Means v. City of New York, et al.</u>, 17-cv-05374 (SHS) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                                                      Signature

                                                 _____
                                                 Print Name

                                                 _____
                                                 Occupation

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN

Dated: November ___, 2019