UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

CANDIE HAILEY MEANS,

                                                    **STIPULATION OF**
                                        Plaintiff,   **SETTLEMENT**

            -against-                               17 Civ. 5374 (SHS)

CITY OF NEW YORK AND CORRECTIONS OFFICER
WARREN, CORRECTIONS OFFICER CAPTAIN
MORGAN, CORRECTIONS OFFICER MOTT,
CORRECTIONS OFFICER CAPTAIN MCKENZIE,
CORRECTIONS OFFICER WATSON, CORRECTIONS
OFFICER CABA, CORRECTIONS OFFICER ELLIS,
CORRECTIONS OFFICER TERRI, CORRECTIONS
OFFICER CAPTAIN BRISTOL, CORRECTIONS OFFICER
CAPTAIN MCCORMICK, CORRECTIONS OFFICER
CAPTAIN NEGRON, AND JOHN AND JANE DOES 1
THROUGH 10, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES, (THE NAMES JOHN AND JANE
DOE BEING FICTITIOUS, AS THE TRUE NAMES ARE
PRESENTLY UNKNOWN),

                                        Defendants.
-------------------------------------------------------------------------- x

**WHEREAS,** plaintiff commenced this action by filing a complaint in the Supreme Court for the State of New York, Bronx County, on or about April 13, 2017, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

**WHEREAS**, this case was removed to this Court on or about July 17, 2017; and

**WHEREAS**, plaintiff filed the operative Amended Complaint on or about October 2, 2017 (ECF No. 14); and

**WHEREAS,** defendants City of New York, Department of Correction, Captain Nicola McKenzie, Officer Steven Terry, Officer Yarinys Caba n/k/a Nieva and Officer Traniece Mott have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiff has authorized her counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.      The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2.      Defendant City of New York hereby agrees to pay plaintiff Candie Hailey-Means the sum of Two Million Eight Hundred Fifty Thousand Dollars ($2,850,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release City of New York, Department of Correction, Captain McKenzie, Officer Terry, Officer Caba and Officer Mott; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.      Plaintiff shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of Status of Liens.  Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter.  A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4.      Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.      Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter.  If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

7.     This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
            June 5            , 2026

THE COCHRAN FIRM
*Attorneys for Plaintiff*
55 Broadway, 23rd Floor
New York, NY 10006
(212) 553-9215

By: _____
         Tracey L. Brown
         *Attorney for Plaintiff*

STEVEN BANKS
Corporation Counsel of the
        City of New York
*Attorney for Defendants City of New York,
    Department of Correction, McKenzie,
    Terry, Caba, and Mott*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
         Hannah V. Faddis
         *Special Federal Litigation Division*